UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------X
BERNADENE M. FISK,                              :
                                                :
                Plaintiff,         :   Civil Action No. :  1:12-CV-00478-TJM-RFT
-against-                                       :
                                                :
ARS NATIONAL SERVICES, INC.,                    :   **ANSWER**
                                                :
                Defendant.         :
                                                :
                                                :
                                                :
----------------------------------------------------X

Defendant ARS National Services, Inc. ("Defendant"), by and through its attorneys, as and for its Answer to the Complaint of Plaintiff Bernadene M. Fisk ("Plaintiff"), hereby states as follows:

**INTRODUCTION**

1.    Defendant admits that Plaintiff purports to bring a Complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") but denies that she has a valid basis for doing so, and denies all allegations set forth in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.    The allegations in paragraph 2 state a legal conclusion to which no response from the Defendant is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 state a legal conclusion to which no response from the Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 state a legal conclusion to which no response from the Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 state a legal conclusion to which no response from the Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits it is a company engaged in the business of collecting debts, located in Escondido, California. Defendant denies all remaining allegations set forth in paragraph 7 of the Complaint.

8. The allegations set forth in paragraph 8 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. The allegations set forth in paragraph 9 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10.     Defendant admits Plaintiff's financial obligation was placed with ARS to collect the past due balance due and owing.  Defendant denies all remaining allegations set forth in paragraph 10 of the Complaint.

11.     The allegations set forth in paragraph 11 state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.     Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13.     Defendant admits it placed telephone calls to Plaintiff in an attempt to collect the past due balance due and owing to its client.  Defendant denies all remaining allegations set forth in paragraph 13 of the Complaint.

14.     Defendant admits it placed telephone calls to Plaintiff in an attempt to collect the past due balance due and owing to its client.  Defendant denies all remaining allegations set forth in paragraph 14 of the Complaint.

15.     Defendant denies the allegations set forth in paragraph 15 of the Complaint except admits it placed telephone calls to Plaintiff in an attempt to collect the past due balance due and owing to its client.

16.     Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's counsel sent a letter of representation to Defendant, as set forth in paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT I

29. The allegations set forth in paragraph 29 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

## COUNT II

31. The allegations set forth in paragraph 31 state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT III

33. The allegations set forth in paragraph 33 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

...
...
...

## COUNT IV

35. The allegations set forth in paragraph 35 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

## COUNT V

37. The allegations set forth in paragraph 37 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

## COUNT VI

39. The allegations set forth in paragraph 39 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

## COUNT VII

41. The allegations set forth in paragraph 41 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant states the FDCPA speaks for itself.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that a trier of fact may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such allegations violations is barred by 15 U.S.C. § 1692k(c).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not breach any legal duty to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE,** Defendant ARS National Services, Inc. demands judgment in its favor and against Plaintiff Bernadene M. Fisk, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: May 30, 2012
       Buffalo, New York

PHILLIPS LYTLE LLP

By    s/John G. Schmidt Jr.
      John G. Schmidt Jr.
      (Bar Roll No. 514854)
Attorneys for Defendant
3400 HSBC Center
Buffalo, New York  14203
Telephone No.:  (716) 847-8400
jschmidt@phillipslytle.com

and

Marc H. Goldberg
Phillips Lytle LLP
Omni Plaza
30 South Pearl Street
Albany, New York  12207
Telephone No.:  (518) 472-1224
mgoldberg@phillipslytle.com

Doc # 01-2581292.1