UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BERNADENE M. FISK,

                                Plaintiff,

      v.                                          1:12-cv-478

ARS NATIONAL SERVICES, INC.,

                                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Bernadene Fisk commenced the instant action against Defendant ARS National Services, Inc. asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  The claimed violations include: (a) contacting a consumer known to be represented by an attorney; (b) contacting a consumer's place of employment when the debt collector knows, or has reason to know, that the consumer's employer prohibits the consumer from receiving such communications; (c) contacting third parties without prior consent from the consumer for an improper purpose; (d) engaging in harassing, oppressive and/or abusive conduct; (e) using obscene language; (f) causing a consumer's telephone to ring, or to continuously annoy, abuse, or harass a consumer; and (g) using unconscionable means to collect a debt.  In response to the Complaint, Defendant filed an Answer asserting numerous affirmative defenses.  Plaintiff now moves to strike the third, fourth, fifth, sixth, and seventh affirmative defenses.  Defendant has failed to timely oppose the motion.

## I.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike affirmative defenses are generally disfavored. See, e.g., MTA Metro North R.R. v. Buchanan Marine, No., 3:05-CV-881, 2006 WL 3544936, *3 (D.Conn. Dec. 8, 2006) (citing William Z. Salcer, Panfeld, Edelman v. Envicon Equities, 744 F.2d 935, 938-39 (2d Cir. 1984), vacated on other grounds, 478 U .S. 1015 (1986)).  Courts use a three-part analysis in determining whether to grant a motion to strike an affirmative defense.  The moving party must demonstrate that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. Varga v. Rent-A-Center East, Inc., 2012 WL 2178866, at *1 (N.D.N.Y. 2012).

## II.   DISCUSSION

### a.   Third Affirmative Defense - Statute of Limitations

Plaintiff moves to strike Defendants' statute of limitations defense on the ground that the applicable statute of limitations is one year, 15 U.S.C. § 1692k(d), the conduct occurred from October 2010 until September 2011, and Plaintiff filed her Complaint on March 16, 2012, within the one year statute of limitations.  While some of Plaintiff's conduct is clearly within the statute of limitations period, other conduct may fall outside of the limitations period (i.e. conduct prior to March 16, 2011).  Because many courts have rejected application of the continuing violation doctrine to claims under the FDCPA, see Egbarin v. Lewis, Lewis & Ferraro LLC, 2006 WL 236846, at *9 (D. Conn. 2006) (citing cases), it cannot said that

Defendants' statute of limitations defense cannot succeed (at least in part).  Accordingly, the motion to dismiss this defense is DENIED.

### b. Fourth Affirmative Defense - Right to Set-Off

Plaintiff moves to strike the Fourth Affirmative Defense on the ground that it does not give Plaintiff sufficient notice of the basis for the defense.  The Fourth Affirmative Defense states "[p]laintiffs' claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise."  There are insufficient allegations in the pleadings suggesting a legal or factual basis for any such defense.  In addition, attempting to defend against such an ambiguous defense could be prejudicial to Plaintiff.  Moreover, as noted, Defendants has not responded to the motion to articulate a legitimate basis for the defense.  Accordingly, the Fourth Affirmative Defense is hereby STRICKEN.

### c. Fifth Affirmative Defense - Respondeat Superior Limitation

Plaintiff moves to strike the Fifth Affirmative Defense on the ground that it is legally insufficient.  The Fifth Affirmative Defense reads as follows: "Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment."  Plaintiff does not articulate how inclusion of this defense would cause her prejudice and, therefore, the motion to strike this defense is DENIED.

### d. Sixth Affirmative Defense - No Breach of Any Legal Duty

Plaintiff moves to strike the Sixth Affirmative defense, which claims that "Defendant did not breach any legal duty to Plaintiff."  This defense will not be stricken because it begs the very question at issue in this case - whether Defendant violated the FDCPA.

  e. **Seventh Affirmative Defense - Right to Assert Additional Defenses**

Lastly, Plaintiff moves to strike the Seventh Affirmative Defense whereby Defendant seeks to reserve the right to assert additional defenses of which it becomes aware. This is not a defense at all, but an attempted reservation of rights and, therefore, will be stricken.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as the Fourth and Seventh Affirmative Defenses are hereby STRICKEN. In all other regards, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: August 7, 2012

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge